IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jena Trammell, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Anderson College, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 8:05-3213-HMH-WMC<br><br>**O R D E R** |

This matter is before the court on motion of the defendant Anderson College ("the College") to strike portions of the plaintiffs' complaint. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiffs' complaint alleges, *inter alia*, that plaintiff Dr. Jena Trammell, a tenured professor at defendant Anderson College, was subjected to a hostile work environment and that the College retaliated against her for filing a claim with the Equal Employment Opportunity Commission ("EEOC"), all in violation of Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff Trammell filed formal charges with the EEOC against Anderson College for sexual harassment and retaliation on or about April 26, 2004. The parties then agreed to mediate her charges. On or about September 21, 2004, Trammell and the College entered an Agreement to Mediate (def. m. to strike, ex. A). Section 8 of the Agreement to Mediate contained the following provision:

> 8. Confidential and Privileged. The mediation constitutes settlement discussions under the applicable rules of evidence

> and nothing said or disclosed during mediation, nor any document produced in mediation which is not otherwise discoverable shall be admissible as evidence or for impeachment or other purposes in any civil action, arbitration or other legal or administrative proceedings.

(Def. m. to strike, ex. A).

Trammell and the College then mediated her charges pursuant to the terms of the Agreement to Mediate, but the mediation proved unsuccessful. Trammell's tenure was subsequently revoked. The plaintiffs then filed the present complaint against Anderson College.

Defendant Anderson College has moved to strike the following paragraphs contained in the complaint:

> 37.   At the purported "mediation" set up by the EEOC in September 2004, Anderson College, by and through its president, Evans Whitaker, demanded that Dr. Trammell resign immediately, without addressing any issue related to Dr. Trammell's harassment claim.
>
> 38.   After the purported "mediation," Anderson College again threatened to fire Dr. Trammell if she did not drop her claim of harassment.

(Comp. ¶¶ 37, 38). The College argues that the paragraphs directly allege statements made during and concerning the mediation. The College contends that the paragraphs violate the confidentiality provision of the Agreement to Mediate and constitute compromise negotiations that are not admissible pursuant to Federal Rule of Evidence 408.[1]

---

[1] Federal Rule of Evidence 408 provides:
Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.
Fed. R. Evid. 408.

2

The plaintiffs argue that the paragraphs should not be stricken at this early stage of litigation when discovery has not yet commenced. They contend that the College has not met its burden of showing the allegations are unrelated to the plaintiffs' claims or that the College will be prejudiced. The plaintiffs further argue that Federal Rule of Evidence 408 does not apply to the allegations because "the claims" being mediated were her hostile work environment and retaliatory treatment claims. At the time of the mediation, she did not yet have a claim for retaliatory discharge because she was still employed by the College. That claim arose when she was terminated in December 2005. Accordingly, the plaintiffs argue that statements made by the College at the mediation "could not have been intended to compromise a discharge claim that did not yet exist," and since the allegation at issue and the evidence to support it are intended to prove the retaliatory discharge component of her case, Rule 408 does not apply. The plaintiffs also argue that the confidentiality provision of the Agreement to Mediate does not apply because the agreement dealt with her claims for hostile work environment and retaliatory treatment, but could not have involved her claim of retaliatory discharge.

Based upon the foregoing, this court finds that the challenged paragraphs should not be stricken at this early stage of litigation. Accordingly, the motion is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

February 8, 2006

Greenville, South Carolina