IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jena Trammell and Kelly Wright, ) | |
| ) | Civil Action No. 8:05-3213-HMH-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Anderson College, Evans Whitaker, ) | |
| Danny Parker, Robert "Bob" Fries, ) | |
| Robert "Bob" Hanley, and Margaret ) | |
| Wooten, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to strike. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiffs' complaint alleges that plaintiff Dr. Jena Trammell, a tenured professor at defendant Anderson College, was subjected to a hostile work environment and that the College retaliated against her for filing a claim with the Equal Employment Opportunity Commission ("EEOC"), all in violation of Title VII of the Civil Rights Act of 1964, as amended. The plaintiffs further allege that plaintiff Kelly Wright, a former student at Anderson College, was harassed by the same professor and that the defendants' actions and/or inaction constituted negligence.

Under the scheduling order in place at the time the instant motion was filed, the plaintiffs' identification of expert witness[es] was due on or before April 26, 2006, and the defendants' identification of expert witness[es] was due on or before May 26, 2006. According to the defendants, on that date, the plaintiffs served a document giving the names and addresses of the expert witnesses, but they did not provide copies of the experts' curriculum vitae, statements indicating the opinions of the experts, or data considered by the experts, as is required by the scheduling order and Federal Rule of Civil Procedure 26(a)(2)(B). Based upon the foregoing, the defendants now seek an order striking the plaintiffs' expert witnesses.

The plaintiffs responded that they identified the expert witnesses on time, but they were unable to obtain the required reports before the scheduling order deadline. The scheduling order was amended by consent of the parties on May 24, 2006. Under the present scheduling order, the defendants' expert disclosures are now due on or before August 15, 2006. The plaintiffs first argue that the defendants failed to consult with them pursuant to Local Rule 7.02 DSC[1] before filing the motion to strike. The plaintiffs further argue that the defendants are not and will not be unfairly surprised or prejudiced and thus the failure to disclose is harmless, and an order striking the experts is inappropriate under Federal Rule of Civil Procedure 37(c)(1). Under the new scheduling order, the defendants have until August 15, 2006, to disclose experts in response to the plaintiffs' expert disclosures. Accordingly, the defendants will have even more time (60 days - assuming the plaintiffs provide their information on or before June 15, 2006 - rather than the 30 days provided under the former scheduling order) to respond to the plaintiffs' expert disclosures.

The plaintiffs also note that the parties are currently seven months away from the possibility of trial in this case. Finally, the plaintiffs argue that the evidence to be provided by their experts is important in that they have expertise in the relevant fields and because they both have experience as tenured professors at universities in South Carolina. The plaintiffs contend that the experts "will shed light on the relevant economic, psychological, and vocational issues present in the case" (pl. resp. m. to strike 7).

This court agrees that an order striking the plaintiffs' expert witnesses is inappropriate at this time. Wherefore, based upon the foregoing,

IT IS ORDERED that the motion to strike is denied. The plaintiffs are directed to produce the required information to the defendants on or before June 19, 2006.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

June 12, 2006
Greenville, South Carolina

---

[1] Local Civil Rule 7.02 provides that a moving party must "confer with opposing counsel and attempt in good faith to resolve the matter contained in the motion" before filing a nondispositive motion. Local Civil Rule 7.02 DSC.

2