IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jena Trammell, et al., ) | |
| ) | Civil Action No. 8:05-3213-HMH-WMC |
| Plaintiffs, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Anderson College, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on motion of the defendant Anderson College ("the College") to quash a subpoena issued to the Records Custodian of Digital-DNS, which according to the College is a "consultant hired by [the College] in anticipation of litigation" (def. m. to quash 1), and the plaintiffs' motion to quash a subpoena issued to plaintiff Trammell for her personal computer (pl. m. to quash 1).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      The plaintiffs' complaint alleges that plaintiff Dr. Jena Trammell, a tenured professor at defendant Anderson College, was subjected to a hostile work environment by Professor Tim Teitloff and that the College retaliated against her for filing a claim with the Equal Employment Opportunity Commission ("EEOC"), all in violation of Title VII of the Civil Rights Act of 1964, as amended. The plaintiffs further allege that plaintiff Kelly Wright, a former student at Anderson College, was harassed by the same professor and that the defendants' actions and/or inaction constituted negligence.

***Defendant College's Motion to Quash Subpoena to Digital-DNS***

The subpoena at issue in the College's motion to quash seeks records and reports produced pursuant to Digital-DNS' media scan of Dr. Trammell's computer. The College argues that the subpoenaed records are protected work product pursuant to Federal Rule of Civil Procedure 26(b)(3) and (b)(4)(B). The College hired Digital-DNS to do "a limited search of Dr. Jena Trammell's hard drive to determine whether certain e-mails provided by Dr. Tim Teitloff to Anderson College were authentic" (def. reply 2). The opinions of Digital-DNS are not expected to be presented at trial.

The plaintiffs argue that they can show that they cannot, without undue hardship, obtain the substantial equivalent of the materials by other means. They claim that certain e-mail messages produced by the defendants that were allegedly exchanged between Dr. Trammell and Professor Teitloff were forged. Accordingly, they claim that the scan performed by Digital-DNS cannot be replicated because that scan was the closest in time to Dr. Trammell's last use of the computer at the College. The plaintiffs argue in their response to the motion that if the subpoena is quashed they should be allowed to depose a representative of Digital-DNS (pl. resp. 1).

In its reply brief, the College states that other than the analysis performed by Digital-DNS the hard drive of Dr. Trammell's computer has not been connected to any computer system. "Therefore, there has been no change in the data or information on the hard drive from the time that it was retrieved from Anderson College to the present" (def. reply 3). Further, following the analysis of the hard drive by Digital-DNS, the College decided to retain a different computer forensic consultant, Kroll OnTrack, Inc. Kroll OnTrack made a forensic image of the hard drive, and returned the hard drive to the McNair Law Firm for preservation. The College contends that Kroll OnTrack's investigation of Dr. Trammell's hard drive was much more in depth than that of Digital-DNS and, therefore, the

2

Kroll OnTrack report should satisfy the plaintiffs' need.[1] Further, the College argues that if that report does not satisfy the plaintiffs' needs, the plaintiffs can obtain any and all relevant information through their own forensic analysis of the hard drive.

The plaintiffs argue that they are entitled to the "exact report relied upon by Defendant during the period of [the plaintiff's] alleged retaliation" (pl. resp. 3). Dr. Trammell was suspended in August 2005 and was terminated on December 1, 2005. The College contends that they did not base Dr. Trammell's termination on anything found by Digital-DNS or Kroll OnTrack, but that if it had based the decision on e-mails, the decision would have been based on Kroll OnTrack's report that has been in the defendants' possession since February 2005.

The plaintiffs have shown no evidence that the hard drive material was altered, and the College has submitted affidavits stating that it was not altered (def. reply, ex. A, B, C). The plaintiffs have not met their burden of showing that they have a substantial need for Digital-DNS' records and further that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Accordingly, the motion to quash is granted, and the plaintiffs' alternative request to depose a representative of Digital-DNS is denied.

*Plaintiffs' Motion to Quash Subpoena Issued to Dr. Trammell*

The defendants have subpoenaed "any and all electronic storage media including hard drives, zip drives, thumb drives, CD's, DVD's, etc. from and pertaining to any computer including desk top computers and/or laptops, used by Dr. Jena Trammell from January 1, 2002 to the present." On June 20, 2006, plaintiff Dr. Trammell moved to quash that subpoena arguing *inter alia* that the subpoena is an improper method of obtaining the

---

[1] While not specifically stated by the College, it appears that the Kroll OnTrack report has already been provided to the plaintiffs.

3

production of tangible things from a party. Since Dr. Trammell is a party to this case, the items sought by the defendants should have been requested under the provisions of Rule 34 and not by subpoena under Rule 45. Accordingly, the motion to quash is granted.

## **CONCLUSION**

Wherefore, based upon the foregoing, the College's motion to quash is granted, and the plaintiffs' motion to quash is granted. The discovery motions at issue were filed without affirmation by the moving parties that they had conferred with opposing counsel and attempted in good faith to resolve the matters contained in the motions.[2] The court reminds the parties of their duty under Local Civil Rule 7.02 DSC and expects that no further nondispositive motions will be filed without the required affirmation.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

July 17, 2006

Greenville, South Carolina

---

[2] The defendants point out this deficiency in the plaintiffs' motion to quash (def. resp. 2-3), but they excuse their own omission by stating that counsel does not believe that consultation would have resolved the matter contained in their motion to quash (def. reply 1, n.1). As set forth above, in the future this court expects the parties to consult in good faith before any nondispositive motion is filed, as required by the Local Rules.